UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYANT Z. DAVIS                                   CIVIL ACTION

VERSUS                                            NO: 13-3210

TIMMY DUCOTE, WARDENY                             SECTION: R(2)

**ORDER**

Bryant Z. Davis petitions the Court for federal *habeas corpus* relief pursuant to Title 28, United States Code, Section 2254.[1] Magistrate Judge Joseph Wilkinson has recommended that Davis's petition be dismissed with prejudice,[2] and no objections to the Judge Wilkinson's Report and Recommendation (R&R) have been filed. The Court, having reviewed de novo the petition, the record, the applicable law, and the R&R, hereby approves the R&R and adopts it as its opinion. Accordingly, Davis's petition is dismissed with prejudice.

Rule 11 of the Rules Governing Section 2254 Proceedings provides as follows: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11, 28 U.S.C. foll. § 2254. A court may only

---

[1]   R. Doc. 1.

[2]   R. Doc. 14.

issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

    Davis's application does not satisfy these standards. Davis argues that he was convicted in violation of his constitutional rights because a state court judge refused his case for prosecution and because he was not timely prosecuted under Louisiana Code of Criminal Procedure article 701. As Judge Wilkinson's thorough opinion explains, there is absolutely no evidence in the record that any judge ever refused the charges

against Davis, and Davis's claim under article 701 is not of federal constitutional dimension and hence is not cognizable in a federal *habeas corpus* proceeding.

For the foregoing reasons, the Court DENIES and DISMISSES WITH PREJUDICE Campbell's petition for federal *habeas corpus* relief. The Court also DENIES the issuance of a certificate of appealability.

New Orleans, Louisiana, this __10th__ day of March, 2014.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE